IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Adrian Rodriguez and Alfredo Gonzalez Trejo individually and on behalf of other employees similarly situated, Plaintiffs
v.
David's Burrito Express LLC, and David Rodriguez, individually, Defendant

## COMPLAINT

Adrian Rodriguez and Alfredo Gonzalez Trejo ("Plaintiffs"), individually, and on behalf of other similarly situated employees, pursuant to 29 U.S.C. § 201 et seq., the Fair Labor Standards Act ("FLSA"), and 820 ILCS § 105/1 et seq., the Illinois Minimum Wage Law ("IMWL"), complains against David's Burrito Express LLC, ("David's Burrito Express") and David Rodriguez ("David") (collectively, "Defendants"), and in support, states:

### Introduction

1. Overtime wages are required by the FLSA and the IMWL.

2. This action seeks redress for Defendants' failure to pay Plaintiffs and other similarly situated employees their earned overtime wages.

3. Plaintiffs and the persons they seek to represent are Defendants' current and former employees who were not paid their earned overtime wages at Defendants' restaurant doing business as David's Burrito Express at 870 N Roselle Rd, Hoffman Estates, Illinois.

### Jurisdiction and Venue

4. 28 U.S.C. § 1331 provides the Court jurisdiction over Plaintiffs' FLSA claims.

5. 28 U.S.C. § 1337 provides the Court supplemental jurisdiction over Plaintiffs' state claims.

6. Venue is properly placed in this judicial district because the facts and events giving rise to Plaintiffs' claims occurred in this judicial district.

## Facts

7. Defendants operated David's Burrito Express at 870 N Roselle Rd, Hoffman Estates, Illinois within the three years preceding the filing of this complaint.

8. David resides in and is domiciled in this judicial district.

9. David is the owner of David's Burrito Express and is involved in the day-to-day business operations of David's Burrito Express and has the authority to: (1) hire and fire employees, (2) direct and supervise employee job functions, (3) sign on the business's checking and payroll accounts, and (4) participate in decisions regarding employee compensation and capital expenditures.

10. David's Burrito Express is as an enterprise under 29 U.S.C. § 203(r)(1).

11. David's Burrito Express is engaged in commerce within the meaning of 29 U.S.C. § 203(s)(1)(A).

12. David's Burrito Express had annual gross sales of $500,000.00 or more during the last three years.

13. Defendants were Plaintiffs' employer as defined by the FLSA and IMWL.

14. Plaintiffs were Defendants' employee as defined by the FLSA and IMWL.

15. Plaintiffs were employed by Defendants in Cook County, which is in this judicial district.

16. During the course of employment, Plaintiffs handled goods that moved or that were intended to move in interstate commerce such as food, products, equipment, and supplies.

17. Adrian Rodriguez worked for Defendants from May 2016 to October 5, 2016.

18. Alfredo Gonzalez Trejo worked for Defendants from May 2016 to October 18, 2016.

19. Plaintiffs' job functions included preparing, cooking, and delivering food, washing dishes, and cashier duties.

20. Plaintiffs were paid their regular rate for all of the hours they worked each week.

21. Defendants paid Plaintiffs in both check and cash each pay period for all hours worked.

## COUNT I: FLSA Overtime Wage Violation (Collective Action)

22. Plaintiffs incorporate all paragraphs above as if fully restated below.

23. Plaintiffs' notice of consent to become a party Plaintiffs in a collective action under the Fair Labor Standards Act is attached hereto as Exhibit A.

24. Plaintiffs and other similarly-situated employees were directed by Defendants to work more than forty (40) hours per week.

25. Throughout the course of Plaintiffs' employment with Defendant, Plaintiffs and other similarly situated employees worked more than forty (40) hours weekly in one or more individual work weeks.

26. Defendants did not pay Plaintiffs and other similarly situated employees' overtime wages at a rate of one and one-half the regular rate for all hours worked over forty each week.

27. Defendants paid Plaintiffs and other similarly situated employees their respective regular rate for all hours worked weekly, including hours worked over forty each week.

28. Plaintiffs' wages were not based on the number of jobs performed or completed, nor was it based on the quality or efficiency of job performance.

29. Neither Plaintiffs nor other similarly-situated employees are exempt from the overtime provisions of the FLSA.

30. Defendants' failure to pay overtime violated the FLSA.

31. Defendants' FLSA violation was willful.

32. Plaintiffs and other similarly situated employees are entitled to recover unpaid overtime wages for up to three (3) years before the filing of this lawsuit.

WHEREFORE, Plaintiffs respectfully requests that the Court:

A. Determine that this action may be maintained as a collective action pursuant to the FLSA.

B. Enter a judgment in the amount of unpaid overtime wages for all time worked by Plaintiffs and other similarly situated employees over forty (40) hours in individual work weeks;

C. Award liquidated damages in an amount equal to the amount of unpaid overtime wages;

D. Declare Defendants to be in violation of the FLSA;

E. Enjoin Defendants from violating the FLSA;

F. Award reasonable attorneys' fees and costs; and

G. Grant such additional or alternative relief as this Court deems just and proper.

### COUNT II: IMWL Overtime Wage Violation

33. Plaintiffs incorporate all paragraphs above as if fully restated below.

34. This Count arises from Defendants' failure to pay its employees all earned overtime wages in violation of the IMWL.

35. The IMWL requires that employers pay each employee one and one-half times their hourly rate of pay for all hours worked in excess of forty (40) hours per week.

36. Defendants directed employees to work more than forty (40) hours in individual work weeks.

37. Defendants' employees worked more than forty (40) hours in individual work weeks.

38. Defendants did not pay earned overtime wages to their employees.

39. Plaintiffs and other similarly situated employees were not exempt from overtime wages.

40. Defendants violated the IMWL by failing to compensate Plaintiffs and other similarly situated employees consistent with the IMWL's overtime wage provisions.

41. Defendants employed more than forty (40) individuals in similar positions in the State of Illinois in the last three (3) years.

42. Defendants violated the IMWL by failing to pay Plaintiffs and other similarly situated employees' overtime wages for all hours worked in individual work weeks.

43. Pursuant to 820 ILCS 105/12(a), Plaintiffs and other similarly situated employees are entitled to recover unpaid wages for three (3) years before the filing of this suit.

WHEREFORE, Plaintiffs respectfully requests that this Honorable Court:

A. Enter a judgment in the amount of overtime wages due to Plaintiffs as provided by the IMWL;

B. Award Statutory damages pursuant to the formula set forth in 820 ILCS § 105/12(a) and 815 ILCS § 205/2;

C. Declare that Defendants have violated the IMWL;

D. Enjoin Defendants from violating the IMWL;

E. Award reasonable attorneys' fees and costs of this action as provided by the IMWL; and

F. Grant such other and further relief as this Honorable Court deems just and proper.

Respectfully submitted on Friday, November 04, 2016

**Valentin T. Narvaez**
Plaintiffs' counsel

Consumer Law Group, LLC
6232 N. Pulaski, Suite 200
Chicago, IL 60646
Direct: 312-878-1302
vnarvaez@yourclg.com